IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noel Velasco Felix,<br><br>             Petitioner,<br>vs.<br><br>Charles Ryan, et al.,<br><br>             Respondents. | No. CV-14-1800-PCT-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Noel Velasco Felix has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

Petitioner's complaint regarding the use of warrantless GPS tracking devices in 2005 and 2006 is meritless. Warrantless GPS tracking was authorized under then-existing Ninth Circuit precedent. The mandate of *United States v. Jones* is not retroactive, and also would not merit suppression because law enforcement reasonably relied on existing law. Petitioner's claim that Arizona courts violated an Arizona rule of procedure is not cognizable on habeas review. Petitioner's supplemental arguments do not merit relief. Therefore, the Court will recommend the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. Facts and Pretrial Proceedings

In 2005, law enforcement began an investigation of a drug-trafficking organization operating in Arizona. (Doc. 19-9, Ex. N at 61.)[1] In 2006, detectives obtained permission from Maricopa County Superior Court Judge Brian Ishikawa to intercept communications between members of the organization. (*Id.*) Detectives also placed, without court authorization, GPS locating devices on vehicles associated with the organization. (Doc. 12-3 at 25-29; Doc. 20-8, Ex. GG at 55-56.) As a result of surveillance, seizures, and interceptions, detectives determined the organization was transporting more than 100 pounds of methamphetamine and substantial quantities of cash. (Doc. 19-9, Ex. N at 61-67.) Petitioner was identified as a significant member of the conspiracy. (*Id.*)

On June 2, 2006, Petitioner was arrested on drug-related charges. On June 6, 2006, the State filed a direct complaint, in CR 2006-8353, charging Petitioner with six offenses. (Doc. 17-4, Ex. C at 93.) On June 7, 2006, an indictment issued charging Petitioner with the same six offenses. (Doc. 17-4, Ex. D at 106.)

On August 17, 2006, Petitioner was charged in a separate, 417-count indictment (CR 2006-8681). (Doc. 17-1, Ex. A at 12-139.) Petitioner's indictment in the previous case (CR 2006-8353) was subsequently dismissed on August 31, 2006. (Doc. 17-4, Ex. F at 124.) On July 16, 2007, the trial court denied a joint motion to suppress the wiretaps obtained during the investigation. (Doc. 17-4, Ex. K at 226.)

### b. Procedural History

#### i. Trial and Sentencing

On February 1, 2008, Petitioner and two codefendants jointly waived their rights to a jury trial. (Doc. 17-4, Ex. L at 230-43.) The "trial court convicted Felix of conspiracy, illegally conducting an enterprise, use of wire communication in a drug related transaction, misconduct involving weapons, two counts of possession of drug

---

[1] For ease of reference, the Court's citations to page numbers of docketed items are to the page numbers assigned by the Court's Case Management and Electronic Case Filing (CM/ECF) system.

paraphernalia, two counts of possession of methamphetamine for sale, four counts of money laundering and five counts of transportation for sale, sale or transfer of methamphetamine." *State v. Velasco-Felix*, No. 1 CA-CR 12-0408 PRPC, 2014 WL 1232425, at *1 (Ariz. Ct. App. March 25, 2014). Petitioner was sentenced to an aggregate term of 20 years' imprisonment. (*Id*.)

### ii. Direct Appeal

Petitioner took a timely direct appeal of his convictions and sentences. (Doc. 19-10, Ex. R at 121.) Petitioner alleged that (1) the trial court erred by failing to grant a *Franks (v. Delaware*, 438 U.S. 154 (1978)) hearing on a motion to suppress the wiretap (Doc. 19-10, Ex. R at 141), and (2) the trial court erred in finding necessity for the wiretap (Doc. 19-10, Ex. R at 152). On August 5, 2010, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a 17-page memorandum decision. (Doc. 19-11, Ex. U at 108.) Petitioner did not seek review of the Arizona Court of Appeals' decisions by the Arizona Supreme Court. The order and mandate issued on October 19, 2010. (Doc. 19-11, Ex. V at 126.)

### c. Petition for State Post-Conviction Relief

In September 2010, Petitioner filed a notice of post-conviction relief, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 20-5, Ex. X.) On or before October 31, 2011, Petitioner's attorney filed a notice of completion of post-conviction review of the record and requested an extension of time to allow Petitioner to file a *pro se* post-conviction relief (PCR) petition. (Doc. 20-5, Ex. Y.) On or about December 19, 2011, Petitioner filed a PCR petition. (Doc. 20-5, Ex. Z.) Petitioner alleged that (1) the evidence against Petitioner should have been suppressed because law enforcement violated the Fourth Amendment when they placed warrantless GPS tracking devices on vehicles, (2) the State violated Rule 4.1(b) of the Arizona Rules of Criminal Procedure and the Fourth Amendment by failing to file a direct complaint within 48 hours of Petitioner's initial appearance, and (3) the trial court violated Rule 6.1(a) and 6.1(b) of the Arizona Rules of Criminal Procedure, and the Sixth and Fourteenth Amendments, by

failing to appoint Petitioner counsel within 48 hours of his initial appearance. (*Id.*) On June 19, 2012, the trial court denied relief on every ground. (Doc. 20-8, Ex. GG.)

### d. PCR Appeal

On August 20, 2012, Petitioner filed a petition for review with the Arizona Court of Appeals. (Doc. 20-8, Ex. HH.) Petitioner asserted that (1) the trial court erred when it precluded his "fruit of the poisonous tree" argument (Doc. 20-8, Ex. HH at 65), (2) counsel were ineffective in failing to raise his "fruit of the poisonous tree" argument (*Id.* at 66), (3) the trial judge erred by failing to grant relief under his "fruit of the poisonous tree argument" (*Id.*), (4) the trial judge erred regarding Petitioner's GPS tracking argument (*Id.* at 67), and (5) the trial court abused its discretion when it ruled against these four arguments (*Id.*). Petitioner did not appeal on the ground of a Rule 4.1 violation. On March 25, 2014, the Arizona Court of Appeals denied relief, finding the following:

> Felix argues his trial, appellate, and post-conviction relief counsel were all ineffective when they failed to raise any issue regarding the State's warrantless use of Global-Positioning-System ("GPS") devices to track vehicles operated by Felix's accomplices. He further argues that the United States Supreme Court's decision in *State v. Jones* constitutes a significant change in the law that not only entitles him to relief in and of itself, but further supports his claims of ineffective assistance. In *Jones*, the Supreme Court held the government installation of a GPS device on a vehicle for the purpose of monitoring the vehicle's movements constitutes a "search" that ordinarily requires a warrant. *See United States v. Jones*, 132 S.Ct. 945, 949-50 (2012) . . . .
>
> We deny relief. First, Felix failed to present a colorable claim that counsels' representation fell below an objectively reasonable standard, or that any action or inaction on the part of counsel prejudiced him. Felix committed the offenses in 2005 and 2006. His trial took place in 2008, and we affirmed his convictions in 2010. His post-conviction relief counsel reviewed his case in 2011. The Supreme Court decided *Jones* in 2012. Felix cites no authority prior to the *Jones* decision that would have required the trial court to suppress evidence obtained through the warrantless use of GPS tracking. Therefore, counsel had no basis to raise any issue regarding the use of GPS devices. Counsels' failure to predict that the Supreme Court would subsequently hold that GPS tracking could only be obtained through a warrant did not fall below objectively reasonable standards.

*Velasco-Felix*, 2014 WL 1232425, at *1. Petitioner did not seek review of this opinion. On May 12, 2014, the Arizona Court of Appeals issued its order and mandate. (Doc. 1 at

12.)

## III. PETITIONER'S HABEAS PETITION

On August 13, 2014, Petitioner filed the instant, timely habeas petition. Petitioner submits three grounds in the petition.

### a. Standard of Review

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S.Ct. 2187, 2198-99 (2015); *Musladin v. Lamarque*, 555 F.3d 834, 838 (9th Cir. 2009). The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (quoting *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (internal citations and quotations omitted). *See also Arrendondo v. Neven*, 763 F.3d 1122, 1133-34 (9th Cir. 2014).

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Harrington v. Richter*, [] 131 S.Ct. 770, 786–787, [] (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." [] 131 S.Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at ——, 131 S.Ct., at 786 (internal quotation marks omitted).

*Burt v. Titlow*, 134 S.Ct. 10, 15-16 (2013).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law as stated in United States Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. *See McNeal v. Adams*, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. *See, e.g., Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. *See Renico*, 130 S. Ct. at 1862; *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." *Adamson v. Cathel*, 633 F.3d 248, 255–56 (3d Cir. 2011). *See also*

*Howard v. Clark*, 608 F.3d 563, 567–68 (9th Cir. 2010).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 593 (1982). *See also Phillips v. Ornoski*, 673 F.3d 1168, 1202 n.13 (9th Cir. 2012).

Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). *See also Murray*, 745 F.3d at 998. Pursuant to section 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt*, 134 S.Ct. at 15 (internal quotation marks and citation omitted) (quoted by *Clark v. Arnold*, 769 F.3d 711, 724-25 (9th Cir. 2014)).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the AEDPA otherwise requires. *See Lafler*, 132 S. Ct. 1389-90; *Panetti v. Quarterman*, 551 U.S. 930, 953–54 (2007). Additionally, the petitioner must show the error was not harmless: "For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (internal quotations omitted).

### b. Grounds One and Two

Petitioner presents the same arguments in Grounds One and Two. He asserts that

1  law enforcement violated the Fourth Amendment by placing warrantless GPS tracking
2  devices on codefendants' vehicles in violation of *United States v. Jones*. (Doc. 12 at 21.)
3  Due to that violation, he alleges all the evidence obtained in the case should have been
4  suppressed as "fruit of the poisonous tree" (Doc. 12 at 15) and outrageous government
5  conduct (Doc. 12 at 24). He argues that counsel provided ineffective assistance when
6  they failed to argue these claims in the trial court, on appeal, and on post-conviction
7  review. (Doc. 12 at 16.)

8  The Court begins with the merits of this argument in the interest of judicial
9  economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (explaining that the
10 court may bypass the procedural default issue in the interest of judicial economy when
11 the merits are clear but the procedural default issues are not); *Jones v. Davis*, No. 14-
12 56373, 2015 WL 6994287, at *3 (9th Cir. Nov. 12, 2015) ("we ordinarily consider
13 exhaustion first, but we have discretion in some circumstances to deny a claim on the
14 ground that it is barred by *Teague*, without considering exhaustion").

15 **i. GPS tracking was authorized by then-existing precedent.**

16 Petitioner argues that law enforcement violated his Fourth Amendment rights
17 when officers placed GPS tracking devices on vehicles without a warrant. Petitioner
18 committed these offenses in 2005 and 2006. *Velasco-Felix*, 2014 WL 1232425, at *2.
19 Petitioner's trial took place in 2010, and the Arizona Court of Appeals affirmed his
20 convictions in 2010. (Doc. 19-11, Ex. V at 126-28.) At the time of the investigation in
21 this case, Ninth Circuit precedent held that attaching a GPS tracking device to the
22 undercarriage of a vehicle was not a search or seizure within the meaning of the Fourth
23 Amendment. *See United States v. McIver*, 186 F.3d 1119, 1127 (9th Cir. 1999) (holding
24 there was no Fourth Amendment violation and "that no seizure occurred because the
25 officers did not meaningfully interfere with McIver's possessory interest in the Toyota
26 4Runner" when they installed a GPS tracker on a vehicle).

27 In 2005 and 2006, officers did not engage in outrageous government conduct
28 because they were authorized to install warrantless GPS tracking devices under appellate

1 precedent. The outrageous conduct doctrine permits a court to dismiss an indictment when a defendant can demonstrate the government's conduct "'violates fundamental fairness' and is 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011)). The officers' conduct in this case was not outrageous, and would not have merited suppression (as explained below).

### ii. *Jones* does not retroactively apply to Petitioner's case.

In 2012, the Supreme Court held in *Jones* that attaching a GPS tracking device to a vehicle and the subsequent monitoring of the vehicle's movements on public streets was a search because the government obtained information by physically intruding on an area protected by the Fourth Amendment. *Jones*, 132 S.Ct. 945, 951 (2012).

*Jones*, however, does not apply retroactively. In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 310. There are two exceptions to this general rule: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," and (2) if the new rule "alter[s] our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." *Id.* at 311 (internal quotations omitted). "Bedrock procedural elements" are those rules that are "central to an accurate determination of innocence or guilt." *Id.* at 313.

Here, the first exception is factually inapplicable because there is no criminalization of private conduct in this case. The *Jones* rule—requiring police to have a warrant prior to attaching a GPS unit to a suspect's vehicle—does not render any primary, private conduct outside the scope of the police power. The second exception does not apply because requiring law enforcement to obtain a warrant is not "central to an accurate determination of innocence or guilt." *Id.* Because *Jones* is not retroactively applied, Petitioner's claim lacks merit. *See Jones v. Rider*, No. CV-14-01775-PHX-

1 GMS, No. CV–14–01775–PHX–GMS, 2015 WL 4481426, at *3 (D. Ariz. July 22, 2015) (*Jones* does not have retroactive application); *Judkins v. United States*, No. 12–C–0759, 2013 WL 1130484, at *4 (E.D.Wis. Mar. 18, 2013) (collecting cases with similar holdings). Despite assertions to the contrary, Petitioner is not entitled to the retroactive application of *Jones* to his case.

### iii. Petitioner's "fruit of the poisonous tree" argument is meritless.

Petitioner asserts that the failure of law enforcement to obtain a warrant must result in the suppression of evidence derived from that search. Because officers reasonably relied on binding appellate precedent in 2005 and 2006, the exclusionary rule does not apply to their conduct. *See Davis v. United States*, 131 S.Ct. 2419, 2429 (2011) ("Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule."); *United States v. Pineda-Moreno*, 688 F.3d 1087, 1091 (9th Cir. 2012) (concluding post-*Jones* "that suppression is not warranted here because the agents objectively relied on then-existing binding precedent" when they attached tracking devices to a vehicle). Petitioner's argument regarding "fruit of the poisonous tree" is meritless.

### iv. Counsel was not ineffective.

Petitioner asserts that counsel was ineffective when counsel failed "brief this issue." (Doc. 12 at 29.) To demonstrate ineffective assistance of counsel, Petitioner must establish that his counsel's performance, at the time of counsel's decisions, in fact fell below an objective standard of reasonableness and that he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) (holding that the court should evaluate performance from counsel's perspective "as of the time of counsel's conduct"). Courts should generally recognize that counsel "is strongly presumed to have rendered adequate assistance and made all significant decision in the exercise of reasonable professional judgment." *Id.* at 690. Reasonable tactical decisions, regardless of outcome, do not constitute a failure to meet the adequate performance prong. *Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995).

Here, the failure to predict the change in then-established Ninth Circuit law was not objectively unreasonable. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (finding counsel was not ineffective because a "lawyer cannot be required to anticipate our decision" in a later case); *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (rejecting ineffective assistance claim based upon counsel's failure to predict future changes in the law and stating that "clairvoyance is not a required attribute of effective representation"); *Brown v. United States*, 311 F.3d 875 (8th Cir. 2002) (finding no ineffective assistance of counsel for counsel's failure to raise *Apprendi*-type issue prior to that decision because such issue was "unsupported by then-existing precedent . . .").

Petitioner also fails to establish prejudice. Even if counsel had filed a motion to suppress based upon a prediction of the change in the law, the motion would not have been granted. As noted above, the Court in *Pineda-Moreno* determined "that suppression is not warranted" because officers relied on established law. *Pineda-Moreno*, 688 F.3d at 1091. Counsel's conduct was not unreasonable and Petitioner did not suffer prejudice. Accordingly, counsel was not ineffective.

### v. Petitioner's claim is not cognizable under *Stone v. Powell*.

Petitioner also claims that the trial court erroneously denied his PCR motion regarding a violation of the Fourth Amendment. This is not a cognizable claim for federal habeas relief. Under *Stone v. Powell,* 428 U.S. 465 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial. *See also Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993) ("We read *Stone* as a categorical limitation on the applicability of fourth amendment exclusionary rules in habeas corpus proceedings" (citations omitted)). The only question before the Court is whether Petitioner had a fair opportunity to litigate his claim. *See Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even whether the claim was correctly decided.") (citations omitted).

1    Here, Petitioner had multiple opportunities to litigate this issue in the trial court. Petitioner joined a motion to suppress the wiretap (Doc. 17-4, Ex. J at 191), appealed a denial of that motion to suppress (Doc. 19-10, Ex. R), filed a PCR motion based on *Jones* (Doc. 19-11, Ex. Z), and appealed the denial of that motion (Doc. 20-8, Ex. HH). The trial court (Doc. 12-3 at 25-29; Doc. 20-8, Ex. GG) and the Court of Appeals (Doc. 20-9, Ex. KK) addressed the merits of Petitioner's argument. Petitioner had an opportunity for a full and fair litigation of his Fourth Amendment claim. Although this claim fails on its merits, it is also barred from consideration.

### c. Ground Three

In Ground Three, Petitioner asserts that "the executive branch disregarded Rule 4.1(B) Ariz. R. Crim. Pro. in its entirety by holding the defendant, Mr. Felix, in jail without a complaint for over 48 hours." (Doc. 12 at 27.) Petitioner contends that the "executed late complaint was given 'a' retroactive application" in violation of the Arizona Constitution. (*Id.*) Petitioner further argues that "the post-conviction court's review of this claim resulted in a decision that was based on an unreasonable interpretation of the facts in light of evidence presented in state court proceedings." (*Id.* at 29.)[2] Petitioner was arrested on Friday, June 2, 2006 and his initial appearance was on Saturday, June 3, 2006. (Doc. 20-8, Ex. GG; Doc. 12-3 at 26.) A direct complaint was filed on June 6, 2006. (*Id.*)

On post-conviction review, the trial court determined Petitioner's claims were precluded and meritless. (*Id.*) Here, Petitioner's claim is not cognizable because it involves an interpretation of state law, which is not reviewable by this Court.

### i. A violation of Rule 4.1(b) is not cognizable on habeas review.

Federal habeas relief is not available for alleged errors in the interpretation or application of state laws and procedural rules. *See Estelle v. McGuire*, 502 U.S. 62, 67–

---

[2] Within this Petition and the Brief in Support of Petition, Petitioner also refers to several previously-filed documents (Doc. 12 at 26) that contain the same argument. *See* Petition for Post-Conviction Relief (Doc. 12-2 at 64-66) and Reply to Petition for Post-Conviction Relief (Doc. 12-3 at 23-24).

- 12 -

68 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law"); *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (the question to be decided by a federal court on petition for habeas corpus is not whether the state committed state-law error but whether the state court's action was "so arbitrary or capricious" as to constitute an independent violation of the federal constitution); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1998) ("Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules."). Here, the trial court ruled on Petitioner's PCR motion as follows:

> Defendant alleges that he was arrested on June 2, 2006 and given an initial appearance on June 3, 2006. The defendant alleges that, on June 7, 2007, a grand jury indictment was issued. The defendant alleges two claims arising out of those circumstances. First, defendant argues that he was deprived of his Sixth Amendment right to counsel because no counsel was appointed within 48 hours of the initial appearance. Second, defendant claims that the State violated Rule of Criminal Procedure 4.1(b) because no complaint was filed within 48 hours of his arrest.
>
> The Court finds each of these claims to be without merit. As an initial matter, each claim is precluded. Under Rule 32.2(a), an issue is precluded if it was waived at trial, or on appeal. Defendant's claims could have been raised in previous proceedings but were not. The issues are precluded.
>
> Even if the Court were to consider the merits, the claims would be rejected. First, under Rule 4.1 (b), the remedy for a violation is defendant's release - - not a bar on prosecution of the claim. Second, according to Court records, a direct complaint was filed on June 6, 2006. Since June 2 was a Friday, and since weekends are excluded under Rule 1.3(a), the direct complaint was timely filed . . . . Third, the alleged violation did not render his trial unfair . . . . The Court believes defendant has not shown - - and cannot show - - any reasonable probability that the verdict would have been different without the alleged 4.1 (b) violation.

(Doc. 20-8, Ex. GG at 54-55; Doc. 12-3 at 26.)

The Arizona courts determined there was no violation of Rule 4.1(b) of the Arizona Rules of Criminal Procedure. The trial court's conclusions are based on an interpretation of state procedural rules. This claim is not cognizable on habeas review.

### IV. PETITIONER'S SUPPLEMENTAL ARGUMENTS

This Court identified three issues in its November 19, 2014 Order. (Doc. 11 at 2.)

Respondent expanded the number of issues in its Answer to the habeas petition, stating that "Petitioner ostensibly incorporated by reference the arguments that he previously raised in state court by citing to certain pleadings that he filed on direct appeal and during his PCR proceeding." (Doc. 17 at 3.) Petitioner is "given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Moreover, if Petitioner sufficiently incorporated arguments made previously in the record, this Court will consider those arguments. "Nonetheless, a federal habeas petitioner adequately pleads an otherwise ambiguous claim by making 'clear and repeated' references to an appended supporting brief that presents the claim with sufficient particularity." *Barnett v. Duffey*, No. 13–16564, 2015 WL 6654896, at *1 (9th Cir. Nov. 2, 2015) (citing *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005)). Petitioner's claim must, however, be adequately pled. "Rule 2(c) of the Rules Governing Habeas Corpus Cases . . . instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (citation omitted).

### a. Petitioner does not argue a violation of his right to counsel.

Respondent's Answer identifies an argument "ostensibly incorporated" by Petitioner that the "trial court purportedly violated his Sixth Amendment right to counsel and his right to federal due process by failing to appoint him counsel within 48 hours of his initial appearance—a proceeding that he characterizes as a 'critical stage,' allegedly because 'the lack of a timely filed indictment triggered a violation of the Fourth Amendment.'" (Doc. 17 at 3.) The Court has reviewed Petitioner's argument and the attachments identified in his Petition and Brief. *See* Brief in Support of Petition (Doc. 12 at 26-30), Petition for Post-Conviction Relief (Doc. 12-2 at 64-66), and Reply to Petition for Post-Conviction Relief (Doc. 12-3 at 23-24).

Here, Petitioner did not plead this argument. Petitioner did not allege a violation of his right to counsel in the Petition, Brief in Support of Petition, or the Reply. The Court has reviewed all of these documents and determines this is not an argument that is advanced by Petitioner. To the extent Petitioner obliquely refers to a previously-raised

argument, such reference is insufficient. *Barnett v. Duffey*, 2015 WL 6654896, at *1 ("The petition's general references to hundreds of pages of attached exhibits are insufficient to incorporate the claim.").[3]

Even if this claim was advanced, and assuming *arguendo* a right to counsel was violated, Petitioner identifies no prejudice resulting from a violation. The trial court entered the following conclusion:

> The alleged violation did not render his trial unfair and there is no showing that the alleged Sixth Amendment violation resulted in prejudice. There is no suggestion that the alleged violation prevented the attorney from adequately preparing the case or somehow resulted in evidence being marshalled against defendant that otherwise would not have been available. There is no allegation that defendant was interrogated in violation of *Miranda*.

(Doc. 20-8, Ex. GG at 55.) Petitioner failed to establish any prejudice resulting from his alleged violation of a right to counsel. Petitioner was appointed counsel (Jeffrey Kirchler). (Doc. 17-4, Ex. E.) Petitioner does not argue that he was improperly interviewed or that evidence was obtained during any gap in representation. Petitioner also failed to establish the trial court's decision was contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

### b. Petitioner does not argue a *Franks* violation in his petition.

Petitioner repeatedly argues within the Petition and Brief in Support of Petition that the warrantless use of a GPS tracking was a Fourth Amendment violation. (Doc. 12 at 13-25.) In his Petition and Brief in Support of Petition, Petitioner references *Franks* twice. The first reference is within the Petition, where Petitioner states that he "does not waive his *Franks v. Delaware* claim raised by his trial attorney or his direct appeals attorney and incorporates those arguments as proof to support counsel's failed to press the issue about 4 month investigation and illegal use of a G.P.S. tracking device." (Doc. 1 at 7.) In the Brief in Support of Petition, Petitioner states "a hearing should be held based on *Franks v. Delaware* hearing request (counsel failed to fully formulate G.P.S.

---

[3] Petitioner's Brief in Support of Petition, with attachments, is 458 pages. (Doc. 12.)

- 15 -

1    claim thereto are ineffective)." (Doc. 12 at 14.)

2    Petitioner's two references to *Franks v. Delaware* were made to advance his
3    argument that counsel was ineffective for failing to conduct a hearing on his GPS
4    tracking claim. Perhaps mistakenly, Petitioner believed that he was entitled to a *Franks*
5    *v. Delaware* hearing on his GPS-tracking issue. Unmistakably, Petitioner never asserts
6    that the initial application to intercept wire communications lacked necessity or contained
7    false statements. Petitioner does not initially argue a violation of his rights due to court-
8    authorized wiretaps, nor does he argue necessity or falsity.

9    In his Reply, however, Petitioner responds to arguments presented in
10   Respondents' Answer. For the first time, Petitioner argues necessity and falsity related to
11   the wiretap affidavit. (Doc. 25 at 4.) Normally, Petitioner's attempt to raise a new claim
12   in a Reply is improper. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)
13   ("A Traverse is not the proper pleading to raise additional grounds for relief."); *see also*
14   Rule 2(c)(1) of Rules Governing Section 2254 Cases (a habeas petition must "specify all
15   the grounds for relief available to the petitioner"). However, because Respondent fully
16   briefed this issue in the Answer, the Court will address this supplemental argument.

17   In his Reply, Petitioner asserts his Sixth and Fourteenth Amendment rights were
18   violated by the trial court's failure to suppress the wiretap and resulting evidence. (Doc.
19   25 at 4.) Respondent asserts that a Fourth Amendment wiretap claim is not cognizable on
20   habeas review under *Stone v. Powell* if Petitioner had the opportunity to litigate this issue
21   in the state courts. (Doc 17 at 39.) Petitioner does not claim he did not have a full and
22   fair opportunity to litigate his Fourth Amendment claim in Arizona's courts nor does the
23   record reveal that such is the case. Rather, the record demonstrates that Petitioner
24   litigated this issue extensively. *See State v. Velasco-Felix*, No. 1 CA-CR 08-0208, 2010
25   WL 3057246, at *6 (Ariz. Ct. App. Aug. 5, 2010) (finding that the "trial court did not
26   abuse its discretion in denying the motion to suppress" the wiretap in Petitioner's case).
27   Therefore, any Fourth Amendment aspect of this claim is not cognizable.

28   Petitioner's stated claim in his Reply, a violation of the Sixth and Fourteenth

- 16 -

Amendments (Doc. 25 at 4), does not justify habeas relief. An asserted error of law does not necessarily prompt habeas relief. *See Lord v. Lambert*, 347 F.3d 1091, 1094 (9th Cir. 2003) (holding that even if "trial testimony was the product of a Title III violation and should have been excluded, Lord's habeas claim fails because the admission of that testimony did not deprive Lord of due process or result in a miscarriage of justice"). Where the error is neither jurisdictional nor constitutional, the appropriate inquiry is whether the error is "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure," and whether the error "present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Lord*, 347 at 1094, *quoting Hill v. United States*, 368 U.S. 424, 428 (1962) (internal quotation marks omitted) (other citations omitted).

Here, as in *Lord*, the record demonstrates that Petitioner had a full and fair hearing before the state courts. Petitioner litigated this claim in the trial court[4] and presented the issue to the Arizona Court of Appeals.[5] Petitioner was convicted based upon overwhelming evidence, which was stipulated into evidence by the parties. (*See* Doc. 17-4, Ex. M at 3.) On May 7, 2006, Petitioner stated the price of a quarter-pound of methamphetamine was $2750. (Doc. 12-4 at 10.) On May 15, 2006, Petitioner discussed the sale of 12 pounds of methamphetamine. (Doc. 12-4 at 12.) On May 20, Petitioner told a coconspirator that he lost $100,000 when law enforcement seized his methamphetamine. (Doc. 12-4 at 13.) There are dozens of additional examples in the record. Petitioner fails to establish "a miscarriage of justice" warranting exceptional relief. *See Hussong v. Warden*, 623 F.2d 1185, 1191 (7th Cir. 1980) (affirming dismissal of habeas petition in a wiretap case because "we have no reason to think that Hussong was not convicted on the basis of probative and reliable evidence, even if that evidence

---

[4] *See* Doc. 12-1 at 66, Ruling of Trial Court regarding Joint Motion to Suppress Wiretap and Request for Franks Hearing.

[5] *See Velasco-Felix*, 2010 WL 3057246, at *6.

- 17 -

was wrongfully admitted"). Petitioner's claim on this ground must be denied.

## V. EVIDENTIARY HEARING

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's claims are not cognizable or meritless. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of

the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 2nd day of December, 2015.

Honorable John Z. Boyle
United States Magistrate Judge